**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4606**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN ARTHUR WIGGINS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:22-cr-00430-PX-1)

———————

Submitted:  December 5, 2024                    Decided:  December 9, 2024

———————

Before GREGORY and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Affirmed in part, dismissed in part by unpublished per curiam opinion.

———————

**ON BRIEF:** Mirriam Z. Seddiq, SEDDIQ LAW FIRM, Rockville, Maryland, for Appellant. Kelly O. Hayes, Christopher Michael Sarma, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Arthur Wiggins pled guilty, pursuant to a written Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to felon in possession of a firearm and ammunition, possession with intent to distribute controlled substances, and possession of a firearm in furtherance of a drug trafficking crime. Wiggins' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court should have accepted the plea agreement. Wiggins has not filed a pro se supplemental brief after being advised of his right to do so.

The Government has filed a motion to dismiss the appeal on the ground that Wiggins' appeal is barred by the appeal waiver included in the plea agreement. We review de novo the validity of an appeal waiver. *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). Where, as here, the Government seeks to enforce the appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010).

A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *Id.* To determine whether a waiver is knowing and intelligent, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that

the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Wiggins knowingly and voluntarily waived his right to appeal, and he does not argue otherwise. Moreover, counsel does not provide any reason the district court should have rejected the plea agreement. To the extent counsel bases this claim on a challenge to the voluntariness of the plea agreement, the waiver would not bar this claim. *See id.* at 364. However, we find that Wiggins' plea was knowing and voluntary based on our review of the record.

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal that fall outside the scope of the appeal waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope. We deny the motion to dismiss in part and affirm the remainder of the district court's judgment. This court requires that counsel inform Wiggins, in writing, of the right to petition the Supreme Court of the United States for further review. If Wiggins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wiggins.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4